**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORD ABBETT MUNICIPAL INCOME FUND, INC., on behalf of its series Lord Abbett High Yield Municipal Bond Fund, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS INC., a New York corporation, and JOHN DOES 1-10,<br><br>Defendants. | ELECTRONICALLY FILED<br><br>Civil Action No. 2:11-cv-05550-CCC-JAD<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. All answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all documents produced in discovery (including electronic data), all portions of deposition or other testimony of witnesses, all deposition exhibits, and other information, including all copies, excerpts, and summaries thereof (individually or together, the "Discovery Materials") produced, obtained, or filed in this action, whether by the parties or a non-party, may be used solely for purposes of the action, and under no circumstances shall such Discovery Materials be used for any other purpose, including commercial, business, competitive, or other purpose. Consistent with the above, no Discovery Materials may be disclosed or otherwise made available, directly or indirectly, to third parties other than those described in Paragraph 4 of this Discovery Confidentiality Order.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets,

competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Discovery Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same as follows:

    a.    Documents or written discovery responses may be designated as Confidential material by marking the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

    b.    With respect to magnetic disks or other computer-related or electronic media, designations shall be made by labeling each disk "CONFIDENTIAL" prior to production. In the event that anyone other than the producing party generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be treated as Confidential material pursuant to the terms of this Discovery Confidentiality Order.

    c.    Deposition or other testimony may be designated as Confidential material by making a designation on the record during the deposition or other testimony, or as provided in Paragraph 6, below. If testimony is designated as Confidential during the deposition, any person not permitted access to Confidential material under this Discovery Confidentiality Order shall immediately be excluded from the deposition room.

    d.    Other materials may be designated as Confidential material by affixing a "CONFIDENTIAL" legend in a conspicuous place in or on the material in question.

3.    All Confidential material shall be used by the recipient solely for purposes of the prosecution or defense of this action, and not in any other legal proceeding (whether in the United States or elsewhere), and shall not be used by the recipient for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the recipient to anyone

{00391522.DOC; 1}

other than those persons identified in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, signs Exhibit A, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

{00391522.DOC; 1}

Nothing in this Paragraph 4 shall limit any party's ability to disclose Confidential material to any person who authored or received said Confidential material in the normal course of business.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or agrees in writing to permit disclosure in response to a request from the non-producing party, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above, including its subparts, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above, including its subparts, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all recipients of such deposition shall immediately cause each copy of the transcript in their custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 4.

7. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

{00391522.DOC; 1}

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3. To the extent that the Confidential material is proposed to be filed or is to be filed with the Court or other adjudicative body, the filing party shall file a motion to file under seal those materials and papers, or any portion thereof, which discloses information subject to this Discovery Confidentiality Order. Pending any ruling on the motion to file under seal, the Confidential material shall be filed under seal by the filing party in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____." Such materials and papers shall not be filed via electronic means at that time, and they shall not be made publicly available. Rather, a public version of the pleading, affidavit, motion or memorandum containing or attaching the Confidential material, with said Confidential material having been redacted, shall be filed with a written statement on the front page of each such document in substantially the following form: "TO BE FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO THE STIPULATED PROTECTIVE ORDER ENTERED ON [DATE]." Unredacted versions shall be submitted to the Court's

{00391522.DOC; 1}

Chambers and redacted and unredacted versions shall be served on counsel for the parties. Any party may request the Court to hold a proceeding *in camera* during which Confidential material is likely to be disclosed.

9. If the need arises during trial or at any Hearing before the Court for any recipient of Confidential information to disclose such information, the recipient may do so only after giving notice to the producing party and as directed by the Court. In the event that a party receiving Discovery Materials is served with legal process compelling production of any Discovery Materials, including but not limited to Confidential material, the receiving party, to the extent allowed by law, shall promptly notify the producing party of the legal process, provide a copy of the legal process to the producing party, and afford the producing party a reasonable opportunity to object, seek a protective order, or take other appropriate steps before making any production of the producing party's Discovery Materials. It shall be the responsibility of the producing party to obtain relief from the subpoena or order prior to the due date of compliance. In order to give the producing party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance required by the subpoena or order.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable

{00391522.DOC; 1}

time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by any applicable privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Pursuant to Fed. R. Evid. 502(d), the disclosure of privileged information or documents in discovery conducted in this litigation consistent with the terms of this Discovery Confidentiality Order shall not waive the claim of privilege or protection in any other federal or state proceeding. Nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that the parties agree, or the Court rules, is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

13. This Discovery Confidentiality Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing its own Discovery Materials, including Confidential materials, in any manner that it considers appropriate.

{00391522.DOC; 1}

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. All persons bound by this Discovery Confidentiality Order are hereby notified that if this Discovery Confidentiality Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court deems appropriate. The parties agree that any violation of the provisions of this Discovery Confidentiality Order governing the maintenance of the confidentiality of Confidential material shall entitle the producing party whose Confidential material has been disclosed in violation of this Discovery Confidentiality Order to move for injunctive relief as well as such costs and fees incurred in obtaining such relief as may be awarded by the Court in the Court's discretion in the event that the Court holds that a breach of this Discovery Confidentiality Order has occurred.

16. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Upon final conclusion of this litigation (including any appeals), within sixty (60) days after receiving a written request from a party that produced Confidential material, each party or other individual subject to the terms hereof shall be under an obligation to assemble and destroy all originals and unmarked copies of documents and things received in this litigation from another party or individual containing Confidential material, including attorney work product as well as excerpts, summaries and digests revealing Confidential material, and each party shall provide to all other parties a signed confirmation of compliance with the provisions of this Paragraph within sixty (60) days after receiving a written request from a party that produced

{00391522.DOC; 1}

Confidential material (which request shall not be made until final conclusion of this litigation, including any appeals); provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.

IT IS SO ORDERED.

Dated: 2/13/13

_____
Hon. Joseph A. Dickson, U.S.M.J.

CONSENTED TO AS TO FORM AND SUBSTANCE:

For Plaintiff:

ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP

By:   s/ David W. Fassett                    Dated: February 11, 2013

DAVIS & CERIANI, PC

By:   s/ Michael P. Cillo (admitted *pro hac vice*)   Dated: February 11, 2013


For Defendant:

BRESSLER AMERY & ROSS, PC

By:   s/ Edwin A. Zipf                       Dated: February 11, 2013

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By:   s/ Marshall H. Fishman (admitted *pro hac vice*)   Dated: February 11, 2013

{00391522.DOC; 1}

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORD ABBETT MUNICIPAL INCOME FUND, INC., on behalf of its series Lord Abbett High Yield Municipal Bond Fund, a Maryland corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS INC., a New York corporation, and JOHN DOES 1-10,<br><br>                      Defendants. | Civil Action No. 2:11-cv-05550-CCC-JAD<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

    6.    I will limit use of Confidential material disclosed to me solely for purpose of this action.

    7.    No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

                                                                                                     [Name]