Edwin A. Zipf (EZipf@bressler.com)
**BRESSLER, AMERY & ROSS**
A Professional Corporation
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Telephone: (973) 514-1200
Facsimile: (973) 514-1660

Marshall H. Fishman (Marshall.Fishman@freshfields.com) (admitted *Pro Hac Vice*)
Timothy P. Harkness (Timothy.Harkness@freshfields.com) (admitted *Pro Hac Vice*)
Cheryl L. Howard (Cheryl.Howard@freshfields.com) (admitted *Pro Hac Vice*)
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LORD ABBETT MUNICIPAL INCOME FUND, INC., on behalf of its series Lord Abbett High Yield Municipal Bond Fund, a Maryland corporation,<br><br>                         Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., a New York corporation,<br><br>                         Defendant. | Civil Action No. 2:11-cv-05550-CCC-JAD<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Citigroup Global Markets Inc. ("CGMI"), by and through its undersigned attorneys, Bressler, Amery & Ross P.C. and Freshfields Bruckhaus Deringer US LLP, hereby answers the Amended Complaint of Lord Abbett Municipal Income Fund, Inc. dated August 7, 2013 and states as follows.  To the extent not specifically admitted herein, CGMI denies all of the allegations in the Amended Complaint.

## ANSWER

1.      CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Amended Complaint, except admits that CGMI is a New York corporation that maintains its principal place of business at 388 Greenwich Street, New York, NY 10013.

2.      CGMI admits the allegations contained in Paragraph 2 of the Amended Complaint.

3.      CGMI denies the allegations contained in Paragraph 3 of the Amended Complaint, except admits that Salomon Smith Barney ("SSB") and Banc of America Securities LLC were the underwriters for the issuance of the Second Tier Bonds in September 2000, SSB continued to make a secondary market in the Second Tier Bonds, and CGMI also admits that it facilitated four riskless cross-trades of Second Tier Bonds between a participant in the Second Tier Bond market and Lord Abbett between September 21, 2006 and October 3, 2006.

4.      Paragraph 4 of the Amended Complaint states conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except CGMI admits that it communicated with and sold the Second Tier Bonds at issue to the Lord Abbett Fund.

5.      Paragraph 5 of the Amended Complaint states conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

6.      CGMI admits the allegations contained in Paragraph 6 of the Amended Complaint, except states that CGMI's "offer[]" to Lord Abbett was made in response to Lord Abbett telling CGMI that Lord Abbett wanted to purchase Second Tier Bonds.

7.      CGMI denies the allegations contained in Paragraph 7 of the Amended Complaint and states that the allegations are conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except admits that SSB, acting as underwriter in 2000, was involved in preparing the "Official Statement" ("OS") prospectus for the Second Tier Bonds.

8.      CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Amended Complaint, except admits that in 1999 or 2000, certain employees in CGMI's public finance group were aware that four consultants hired by opponents to the Las Vegas Monorail, Wendell Cox, Thomas Rubin, Jon Twichell and Bernard Malamud, prepared reports opposing construction of the monorail, and refers the Court to those reports for a complete and accurate statement of their contents.

9.      CGMI admits that Mandalay Bay and the Venetian are hotels, casinos and resorts in Las Vegas, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the Amended Complaint, and refers the Court to Exhibit 1, the "Cox Report," for a complete and accurate statement of its contents.

10.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Amended Complaint except admits that Exhibit 2 was found in the files of an employee in CGMI's public finance group, and CGMI refers the Court to Exhibit 2 and the URS Study for a complete and accurate statement of their contents.

11.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint except admits that Exhibit 3, the "Malamud Report," was found in the files of an employee in

CGMI's public finance group, and CGMI refers the Court to the Malamud Report and the URS Study for a complete and accurate statement of their contents.

      12.   CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint except admits that Exhibit 4, the "Rubin Report," was found in the files of an employee in CGMI's public finance group, and CGMI refers the Court to the Rubin Report for a complete and accurate statement of its contents.

      13.   CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint, except CGMI refers the Court to the Rubin Report for a complete and accurate statement of its contents.

      14.   CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint, except CGMI refers the Court to the Cox Report for a complete and accurate statement of its contents.

      15.   CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint, except admits that SSB was provided with a ridership study titled "Forecasts of Ridership and Revenue for the Proposed Seven-Station Las Vegas Monorail System," dated August 23, 2000, which was prepared by URS Greiner Woodward Clyde, Inc. (the "URS Study") and attached to the OS, and CGMI refers the Court to the URS Study for a complete and accurate statement of its contents; CGMI denies that Exhibit 5 is a complete and accurate copy of the final URS Study that was attached to the OS.

16.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint, except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents, except to the extent the allegations are conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

17.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint, except admits that Cox, Malamud, Rubin and Jon Twichell spoke at a public hearing on June 8, 2000, and that Dave Houston and Greg Carey attended that public hearing, and CGMI refers the Court to the publicly-available transcript or record of the June 8, 2000 hearing for a complete and accurate description of what was said at the hearing.

18.     CGMI admits the allegations contained in paragraph 18 of the Amended Complaint, except refers the Court to the publicly-available transcript or record of the June 8, 2000 hearing for a complete and accurate description of what was said at the hearing.

19.     CGMI denies the allegations contained in Paragraph 19 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the OS was circulated to potential investors, and admits that the Nevada Department of Business and Industry proceeded with the issuance of the Second Tier Bonds and the URS Study was an appendix to the OS for the Second Tier Bonds.

20.     CGMI admits the allegations contained in Paragraph 20 of the Amended Complaint, except states that CGMI's "offer[]" to Lord Abbett was made in response to Lord Abbett telling CGMI that Lord Abbett wanted to purchase Second Tier Bonds.

21.     CGMI admits the allegations contained in Paragraph 21 of the Amended

Complaint.

22.     CGMI admits the allegations contained in Paragraph 22 of the Amended Complaint.

23.     CGMI admits that in 2005, the first full year of operation, the Monorail did not achieve the level of ridership that had been projected in the URS Study, and CGMI denies the remainder of the allegations contained in Paragraph 23 of the Amended Complaint, except refers the Court to the URS Study, the Cox Report, the Malamud Report and the Rubin Report for a complete and accurate statement of their contents.

24.     CGMI denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     CGMI denies the allegations contained in Paragraph 25 of the Amended Complaint, except admits that LVMC increased its average fare in December 2005 and projected increased fare-based and advertising revenues for 2006, and LVMC had been considering a proposed extension of the Monorail to McCarran Airport and down the west side of the Las Vegas Strip, and if the Monorail were extended, it could possibly result in a pre-refunding of the First and/or Second Tier Bonds, and that in 2006, CGMI was evaluating the possibility of acting as underwriter for the potential new bond issuance.

26.     CGMI denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     CGMI denies the allegations contained in Paragraph 28 of the Amended Complaint except to the extent the allegations are conclusions of law as to which no responsive

pleading is necessary as such conclusions of law will be determined by the Court.

29.     CGMI denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     CGMI denies the allegations contained in Paragraph 30 of the Amended Complaint, except admits that in September and October 2006, CGMI facilitated four riskless cross-trades of Second Tier Bonds, totaling $13 million in par value, between a participant in the Second Tier Bond market and Lord Abbett, and CGMI further states that at the time of Lord Abbett's Second-Tier Bond purchases, the Lord Abbett analyst responsible for analyzing the Second Tier Bonds knew of the existence of reports, other than the URS Study, prepared by opponents of the Monorail.

31.     CGMI denies the allegations contained in Paragraph 31 of the Amended Complaint, except admits that the 2006 price increase resulted in a drop in ridership, the ridership and advertising revenue for 2006 did not reach the levels in the "Presentation of the 2006 Budget" ("LVMC 2006 Budget"), and admits that LVMC filed for bankruptcy protection in 2010.

32.     CGMI admits the allegations contained in Paragraph 32 of the Amended Complaint, except states that the Las Vegas Monorail originally operated along approximately .8 miles of guideway.

33.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Amended Complaint, except admits that LVMC hired URS Greiner Woodward Clyde to prepare a study forecasting annual ridership and revenue levels for the proposed expanded monorail.

34.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     CGMI denies the allegations contained in Paragraph 35 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, and admits that SSB was hired as an underwriter for the Second Tier Bonds.

36.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Amended Complaint, except admits that there was serious opposition to construction of the Monorail, including by the Venetian and a group of Las Vegas taxi drivers.

37.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

38.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Amended Complaint, except admits that an employee in CGMI's public finance group had in his files a copy of Exhibit 2, a copy of the Malamud Report, and a copy of the Rubin Report.

39.     CGMI admits that the URS Study was attached as Appendix E to the OS, and CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39 of the Amended Complaint and refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents, except to the extent the allegations are conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

40.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 40 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

41.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

42.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

43.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

44.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

45.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

46.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

47.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

48.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

49.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

50.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

51.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

52.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

53.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

54.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

55.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

56.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

57.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

58.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

59.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

60.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

61.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

62.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

63.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 63 of the Amended Complaint except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents.

64.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

65.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Amended Complaint except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents.

66.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

67.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

68.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Amended Complaint except refers the Court to the URS Study for a complete and accurate statement of its contents.

69.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Amended Complaint.

70.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

71.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Amended Complaint except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents.

72.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Amended Complaint except refers the Court to the URS Study and Cox Report for a complete and accurate statement of their contents, and admits that the existing monorail prior to the expansion ran between the MGM Grand Hotel and Bally's.

73.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Amended Complaint except refers the Court to the URS Study and Cox Report for a complete and accurate statement of their contents.

74.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Amended Complaint except refers the Court to the URS Study and Cox Report for a complete and accurate statement of their contents.

75.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Amended Complaint except refers the Court to the URS Study and Cox Report for a complete and accurate statement of their contents.

76.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 76 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

77.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 77 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

78.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 78 of the Amended Complaint

except refers the Court to the Cox Report and the Las Vegas Monorail "Stated Preference" Study

(the "Stated Preference Study") for a complete and accurate statement of their contents.

79.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 79 of the Amended Complaint

except refers the Court to the Cox Report and the Stated Preference Study for a complete and

accurate statement of their contents.

80.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 80 of the Amended Complaint

except refers the Court to the Stated Preference Study for a complete and accurate statement of

its contents.

81.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 81 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

82.     CGMI denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 82 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

83.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

84.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

85.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

86.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

87.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

88.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

89.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Amended Complaint except refers the Court to the Cox Report for a complete and accurate statement of its contents.

90.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Amended Complaint

except refers the Court to the Cox Report for a complete and accurate statement of its contents.

91.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

92.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Amended Complaint except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents.

93.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Amended Complaint.

94.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Amended Complaint.

95.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of the Amended Complaint except refers the Court to the Cox Report and URS Study for a complete and accurate statement of their contents, except admits that the August 2000 URS Study was attached as an exhibit to the OS.

96.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Amended Complaint except refers the Court to the URS Study for a complete and accurate statement of its contents.

97.     CGMI denies the allegations contained in Paragraph 97 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no

responsive pleading is necessary as such conclusions of law will be determined by the Court.

98.     CGMI denies the allegations contained in Paragraph 98 of the Amended Complaint and refers the Court to the OS for a complete and accurate statement of its contents, except admits that the OS attached the URS Study as Appendix E.

99.     CGMI denies the allegations contained in Paragraph 99 of the Amended Complaint except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except admits that the State of Nevada issued $149,200,000 in Second Tier Bonds, the Subordinate Bonds were purchased by the developers of the project, the First Tier Bonds were initially rated AAA and were insured by Ambac Financial Group, Inc., and the Second Tier Bonds were not rated or insured.

100.    Paragraph 100 of the Amended Complaint states conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

101.    Paragraph 101 of the Amended Complaint states conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

102.    CGMI admits the allegations contained in Paragraph 102 of the Amended Complaint.

103.    CGMI denies the allegations contained in Paragraph 103 of the Amended Complaint, except admits that one of its analysts followed the Second Tier Bonds.

104.    CGMI admits the allegations contained in Paragraph 104 of the Amended Complaint.

105.    CGMI denies the allegations contained in Paragraph 105 of the Amended Complaint, except states that the Monorail opened for operations on July 15, 2004, was shut down for repairs in September 2004, and revenue operations resumed December 29, 2004.

106.    CGMI admits the allegations contained in Paragraph 106 of the Amended Complaint.

107.    CGMI admits the allegations contained in Paragraph 107 of the Amended Complaint.

108.    CGMI denies that the 2005 audited financial statements for LVMC ("Audited Financials") were issued in about April 2006 and CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 108 of the Amended Complaint, except refers the Court to the Audited Financials, the URS Study and the Cox Report for a complete and accurate statement of their contents.

109.    CGMI admits that LVMC prepared the LVMC 2006 Budget and implemented a fare increase in December 2005, and CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 109 of the Amended Complaint, except refers the Court to the LVMC 2006 Budget and URS Study for a complete and accurate statement of their contents.

110.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 110 of the Amended Complaint, except refers the Court to the LVMC 2006 Budget for a complete and accurate statement of its contents.

111.    CGMI admits the allegations contained in Paragraph 111 of the Amended

Complaint, except states that LVMC anticipated a recovery of $10 million in 2006 as of December 2005, when the LVMC 2006 Budget was prepared.

112.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 112 of the Amended Complaint, except refers the Court to LVMC 2006 Budget and the OS for a complete and accurate statement of their contents.

113.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 113 of the Amended Complaint.

114.     CGMI denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.     CGMI admits that it had a copy of the LVMC 2006 Budget and denies the remaining allegations contained in Paragraph 115 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that CGMI obtained copies of the 2005 audited financial statements.

116.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 116 of the Amended Complaint, except admits that CGMI knew of discussions regarding potentially extending the Monorail to McCarran Airport.

117.     CGMI denies the allegations contained in Paragraph 117 of the Amended Complaint, except states that in 2006, CGMI was evaluating the possibility of acting as underwriter for the potential new bond issuance.

118.     CGMI denies the allegations contained in Paragraph 118 of the Amended Complaint, except admits that it facilitated four riskless cross-trades of Second Tier Bonds

between a participant in the Second Tier Bond market and the Lord Abbett Fund in September and October 2006, and states that CGMI's "offer[]" to Lord Abbett was made in response to Lord Abbett telling CGMI that Lord Abbett wanted to purchase Second Tier Bonds.

119.    CGMI admits that it contacted Lord Abbett in September 2006 regarding Lord Abbett's interest in purchasing the Second Tier Bonds, except states that CGMI's communication with Lord Abbett was made in response to Lord Abbett telling CGMI that Lord Abbett wanted to purchase Second Tier Bonds.

120.    Paragraph 120 of the Amended Complaint states conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

121.    CGMI denies the allegations contained in Paragraph 121 of the Amended Complaint except to the extent they purport to state conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

122.    CGMI denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 123 of the Amended Complaint, except CGMI refers the Court to the "Las Vegas Monorail Proposed Airport Extension" PowerPoint for a complete and accurate statement of its contents.

124.    CGMI denies that it made any oral representations to Lord Abbett about an extension to the McCarran Airport prior to Lord Abbett's last purchase of its Second Tier Bonds, and CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 124 of the Amended Complaint.

125.    CGMI denies the allegations contained in Paragraph 125 of the Amended Complaint, except admits that an employee in CGMI's public finance group possessed a copy of the Malamud Report and Rubin Report, and admits that in the first half of 2006, as publicly reported by numerous national news sources, the Monorail was not coming close to meeting the projections set forth in the LVMC 2006 Budget, and CGMI refers the Court to the LVMC 2006 Budget and the Cox Report, Malamud Report and Rubin Report for a complete and accurate statement of their contents.

126.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 126 of the Amended Complaint.

127.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 127 of the Amended Complaint, except admits that Lord Abbett's bond analyst recommended against Lord Abbett's purchase of the Second Tier Bonds.

128.    CGMI denies the allegations contained in Paragraph 128 of the Amended Complaint, except to the extent they purport to state conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except admits that CGMI facilitated four riskless cross-trades of Second Tier Bonds, for $13 million in par value, between a participant in the Second Tier Bond market and Lord Abbett, between September 21, 2006 and October 3, 2006.

129.    CGMI denies the allegations contained in Paragraph 129 of the Amended Complaint.

130.    CGMI denies the allegations contained in Paragraph 130 of the Amended Complaint, except states that on October 17, 2006, Fitch announced a downgrade of the

underlying rating on the First Tier Bonds from BB to CCC, and on November 21, 2006, Moody's issued a downgrade of the underlying rating of the First Tier Bonds from Ba1 to B3.

131.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of the Amended Complaint, except CGMI refers the Court to the Cox Report and LVMC 2006 Budget for a complete and accurate statement of their contents.

132.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 132 of the Amended Complaint.

133.    CGMI denies the allegations contained in Paragraph 133 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except CGMI states that the debt service reserve fund was used to make the January 2008 principal and interest payment.

134.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of the Amended Complaint.

135.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 135 of the Amended Complaint.

136.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 136 of the Amended Complaint.

137.    CGMI admits the allegations contained in Paragraph 137 of the Amended Complaint.

138.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of the Amended Complaint.

139.    CGMI admits the allegations contained in Paragraph 139 of the Amended Complaint.

140.    CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 140 of the Amended Complaint.

141.    CGMI denies the allegations contained in Paragraph 141 of the Amended Complaint, except to the extent they purport to state conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

142.    CGMI incorporates herein its responses to Paragraphs 1 to 141 of the Amended Complaint.

143.    CGMI denies the allegations contained in Paragraph 143 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

144.    CGMI denies the allegations contained in Paragraph 144 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

145.    CGMI denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    CGMI denies the allegations contained in Paragraph 146 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

147.    CGMI denies the allegations contained in Paragraph 147 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

148.    CGMI denies the allegations contained in Paragraph 148 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

149.    CGMI incorporates herein its responses to Paragraphs 1 to 148 of the Amended Complaint.

150.    CGMI denies the allegations contained in Paragraph 150 of the Amended Complaint.

151.    CGMI denies the allegations contained in Paragraph 151 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

152.    CGMI denies the allegations contained in Paragraph 152 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

153.    CGMI denies the allegations contained in Paragraph 153 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

154.    CGMI denies the allegations contained in Paragraph 154 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

155.    CGMI denies the allegations contained in Paragraph 155 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

156.    CGMI incorporates herein its responses to Paragraphs 1 to 155 of the

Amended Complaint.

157.     CGMI denies the allegations contained in Paragraph 157 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court, except admits that it sold the Second Tier Bonds to Lord Abbett on the secondary market.

158.     CGMI denies the allegations contained in Paragraph 158 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

159.     CGMI denies the allegations contained in Paragraph 159 of the Amended Complaint.

160.     CGMI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 160 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

161.     CGMI denies the allegations contained in Paragraph 161 of the Amended Complaint, except to the extent they purport to allege conclusions of law as to which no responsive pleading is necessary as such conclusions of law will be determined by the Court.

162.     CGMI denies that Lord Abbett is entitled to the relief it seeks in Paragraph 162 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on matters where that burden rests on Plaintiff, CGMI asserts the following affirmative defenses with respect to the claims Plaintiff purports to assert in the Amended Complaint.

## First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it has failed to plead and cannot prove reasonable reliance on any alleged misstatement or omission by CGMI.

## Fourth Affirmative Defense

Plaintiff's claims are barred because Plaintiff has failed to allege, and has not suffered, any cognizable injury attributable, in whole or in part, to any conduct by CGMI.

## Fifth Affirmative Defense

Plaintiff's claims are barred because the actions or inactions of CGMI were not the proximate cause of any of the injuries alleged by Plaintiff.  Any damages allegedly suffered by Plaintiff were the result of superseding and intervening causes.

## Sixth Affirmative Defense

Plaintiff's claims are barred because Plaintiff assumed all of the risks associated with the transaction at issue.

## Seventh Affirmative Defense

Plaintiff's claims are barred because Plaintiff cannot prove that CGMI made a material misstatement or omission.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because CGMI at all times acted in good faith without scienter or any knowledge or intent to commit fraud.

### Ninth Affirmative Defense

Plaintiff's claims are barred because CGMI did not breach any duty owed to Plaintiff.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the truth in the market defense because the allegedly omitted information was publicly available.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because LVMC 2006 Budget cannot form the basis of a cognizable securities claim.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because they are impermissible fraud by hindsight claims.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they are based on internal forecasts that cannot form the basis of a securities claim.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because they are based on alleged oral representations that are contradicted by written documents.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred based on Plaintiff's knowledge.

Dated:   Newark, NJ             BRESSLER, AMERY & ROSS, P.C.
         September 6, 2013

                               By: _____/s/ Edwin A. Zipf_____
                                         Edwin A. Zipf

                               Edwin A. Zipf (EZipf@bressler.com)
                               325 Columbia Turnpike, Suite 301
                               Florham Park, NJ 07932

                               Marshall H. Fishman (Marshall.Fishman@freshfields.com)
                               Timothy P. Harkness (Timothy.Harkness@freshfields.com)
                               Cheryl L. Howard (Cheryl.Howard@freshfields.com)
                               **FRESHFIELDS BRUCKHAUS DERINGER US LLP**
                               601 Lexington Avenue, 31st Floor
                               New York, NY 10022

                               Attorneys for Defendant Citigroup Global Markets Inc.

**CERTIFICATE OF SERVICE**

I, Edwin A. Zipf, Esq., hereby certify that on this 6th day of September, 2013, Defendant

Citigroup Global Markets Inc.'s Answer and Affirmative Defenses was electronically filed with

the Clerk of the Court using the Court's CM/ECF system, which will send notification of such

filing to all counsel of record.

/s/ Edwin A. Zipf
Edwin A. Zipf, Esq.

Dated:        September 6, 2013